

**FILED & ENTERED**

**AUG 03 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>KATHLEEN KELLOGG-TAXE,<br><br>      Debtor. | Case No. 2:12-bk-51208-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON ALTERNATIVE FORMS OF ORDER FOR SALE FROM TRUSTEE AND BUYER** |

     Pending before the court are the forms of order submitted by Carolyn A. Dye, the Chapter 7 Trustee, for the order authorizing sale of note and deed of trust free and clear of liens and interests, subject to higher and better offers, and approving overbidding procedures, lodged on July 20, 2018, and the objection and alternative form of order of the buyer which was the successful overbidder at the hearing on the trustee's motion for sale, Kalnel Gardens, LLC, filed on July 27, 2018, and the trustee's response thereto, filed on July 31, 2018.  James A. Dumas and Christian T. Kim, of the law firm of Dumas & Kim, APC, represent the trustee, and Brian L. Davidoff and Jeffrey A. Krieger, of the law firm of Greenberg Glusker Fields Claman & Machtinger LLP, represent the buyer.

Having considered the alternative forms of order, the buyer's objection to the trustee's form of order and the trustee's response thereto, the court agrees with the buyer that its form of order is more consistent with the contract reached between the parties based on the terms of sale set forth in the trustee's motion for order authorizing sale of note and deed of trust free and clear of liens and interests, subject to higher and better offers, and approving overbidding procedures (the "Motion"), filed on June 18, 2018, and the acceptance of those terms of sale by the buyer in being the successful overbidder at the hearing on the Motion on July 17, 2018.

The trustee's terms of sale set forth in the motion expressly and unambiguously refers to the forfeiture of the buyer's deposit as liquidated damages if the buyer fails to complete the sales transaction and is not contingent on the existence of a backup buyer. Motion at 7, ¶8 and ¶9 ("The overbidder's deposit is non-refundable in the event that the Court confirms the sale but, for any reason whatsoever, the overbidder fails to close the sale timely . . . in the event that the successful overbidder does not close within fourteen (days) after the entry of the order approving the Motion, the Trustee may retain the deposit of the original successful buyer as liquidated damages . . . ."). The Motion is otherwise silent as to the consequences of the buyer's failure to perform. This interpretation is mirrored in the proposed sales agreement for sale of the note and deed of trustee between the trustee and the stalking horse bidder, Canedo Lava Products, LLC (this document is attached to the Motion as Exhibit A), which refers to forfeiture of the buyer's deposit if the buyer fails to perform and is otherwise silent about the consequences of the buyer's failure to perform.

Where the trustee and the buyer disagree is whether the liquidated damages provision of the Motion for forfeiture of the buyer's deposit is contingent on the

confirmation of a backup buyer, so that the liquidated damages provision is only effective where there is a backup buyer and not effective when the court does not confirm a backup buyer, so that the buyer is liable for damages based on the entire purchase price of $500,000 if it fails to perform.  Buyer's Objection at 2-4; Trustee's Response thereto at 1-3.  The specific language of the Motion reads as follows: "The overbidder's deposit is non-refundable in the event that [the] Court confirms the sale but, for any reason whatsoever, the overbidder fails to close the sale timely.  The overbidding party will be bound by all of the terms of proposed in this Motion ) as incorporated by reference in the sales contract) except as to price, without contingencies of any kind, including financing contingencies, and shall close the escrow no more than fourteen (14) days after the entry of the order.  The Trustee also proposes that the Court confirm a backup buyer so that, in the event that the successful overbidder does not close within fourteen (14) days after the entry of the order approving the Motion, the Trustee may retain the deposit of the original successful buyer as liquidated damages and sell the Property to the back-up buyer for the amount of such backup last bid." Motion at 7, ¶8 and ¶9.  (The sentence referring to the overbidding party being bound by all of the terms proposed in the Motion does not help the trustee in showing that the buyer is otherwise liable for full payment on the contract because this sentence is only effective if the Motion is unambiguously enforceable as the trustee argues.)

This language of the Motion is not a model of clarity, and the language could be interpreted either way, which creates an ambiguity.  The trustee's interpretation creates a trap for the unwary because the language specifically refers to the forfeiture of the original buyer's deposit if it fails to perform as liquidated damages, there is no discussion of any other consequences for the buyer's failure to perform, and the Motion does not

3

distinguish between the circumstances of having a backup buyer or not for the application of the liquidated damages provision.  In the court's view, the Motion as the contract provided for a liquidated damages clause within the meaning of California Civil Code § 1671 in the event of the original buyer failing to perform and did not unambiguously provide that it was not applicable if there was no backup buyer.  In any event, the uncertainty here cause by the drafting by trustee's counsel should be "interpreted most strongly against the party who caused the uncertainty to exist," namely, the trustee and her counsel.  1 Witkin, Summary of California Law, Contracts, § 757 at 848 (11th ed. 2018 online ed.), *citing inter alia,* California Civil Code § 1654 and *Taylor v. J.B. Hill Co.,* 31 Cal.2d 373, 374 (1948).

    The trustee complains that to allow the buyer to walk away from the contract for the liquidated damages of the forfeiture of the $22,000 deposit only will result in significant potential damages to the estate and require keeping the estate open for a significant further period of time.  Trustee's Response at 4.  This is not necessarily so since the buyer has not yet failed to perform, and if the transaction falls through, the trustee can mitigate any damages by promptly conducting another sale, which is likely, especially considering the vigorous overbidding at the prior sale hearing.  To the extent that this cannot be done, it appears that the trustee only has herself to blame because the problem was caused by the deficient drafting of the contractual language in the Motion by her and her counsel.

    ///

4

For the foregoing reasons, the court will approve the alternative form of order submitted by the buyer.

IT IS SO ORDERED.

###

Date: August 3, 2018

_____
Robert Kwan
United States Bankruptcy Judge

5